# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DEBRA BARBEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:11CV60 HEA** |
| | ) | |
| **CAROLYN W. COLVIN,[1]** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*  For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

## Facts and  Background

Plaintiff was 43 years old at the time of the hearing.  She received her GED in 1996.  The ALJ found Plaintiff had the severe impairments of fibromyalgia, back disorder, sleep disorder, venous insufficiencies, and dysphonia.  At the

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

February 2, 2010 hearing, Plaintiff testified that she is separated and lives with her mother in her mother's house. Plaintiff testified that she tries to do some household chores: dusting, folding clothes, laundry, rinsing dishes. She testified that she cannot help mop or sweep because it effects her neck and muscles. Plaintiff testified that she has suffered from fibromyalgia since April of 2008. She stated that she also has circulation problems which make her swell up and ache, cause pain from sitting and standing. Her leg will go totally numb if she sits too long. Plaintiff has to elevate her leg to help with circulation. Plaintiff previously took Lyrica for her fibromyalgia. Plaintiff also has had trouble speaking since 2008 after having pneumonia. She has been given Botox injections, but they did not help much.

A vocational expert testified at the hearing. She testified that, based on Plaintiff's work history and her limitations, there were jobs available, other than Plaintiff's previous jobs. The vocational expert testified that the jobs of bookkeeper, data entry clerk, payroll clerk, and touch-up screener were available.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. was denied on August 5, 2008. Plaintiff appeared and testified before ALJ on February 2, 2010. On June 21, 2010, the ALJ issued an unfavorable decision. On June 22, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the

decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at

611. At Step Two, the ALJ determines whether the claimant has a severe

impairment, which is "any impairment or combination of impairments which

significantly limits [the claimant's] physical or mental ability to do basic work

activities"; if the claimant does not have a severe impairment, he is not disabled.

20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c);

*McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's

impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will

find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step

process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional

capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations."

*Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545

(a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ

determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the

claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f),

416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can

- 4 -

perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since May 4, 2007, the alleged onset date.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, back disorder, sleep disorder, venous insufficiencies, and dysphonia.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically

- 5 -

equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform lift and carry only 10 pounds occasionally and less than 10 pounds frequently.  She can sit for about 6 hours during an eight hour workday and can stand and walk for at least 2 hours during an eight hour work day. Plaintiff can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl.  She cannot climb ladders, ropes or scaffolds.  Plaintiff is to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery.  She can perform work where speaking is not an essential job function. At Step Four, the ALJ determined that Plaintiff was not capable of performing past relevant work as an administrative assistant, loan officer or van operator.  At Step Five, the ALJ found that Plaintiff has acquired work skills and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*,

564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Id*.  However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).  The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: the ALJ failed to properly rely on the opinion of Plaintiff's treating physician.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. §§ 404.1527(d), 416.927(d).  However, despite this deference, the opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir.2004).  In fact, an ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions.  *Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir.2010).

The ALJ's determination that Dr. Chapman's  opinion regarding Plaintiff's limitations is entitled to little weight is supported by substantial evidence on the record, including Dr. Chapman's own treatment notes and the objective medical records throughout the relevant period of disability. *See Strongson v. Barnhart,* 361 F.3d 1066, 1070–71 (8th Cir.2004) (finding that the ALJ properly discounted a physician's opinion that was "not internally consistent with [the doctor's] own treatment notations").

- 8 -

For example, the objective medical findings the ALJ considered establish good ranges of motion with normal strength, tone and bulk throughout the msculoskeletal system; normal gait; a normal brain MRI; intact reflexes and upper extremity strength; only mildly diminished right grip strength with questionable effort by Plaintiff; intact cervical spine alignment with minimal degenerative changes; no significant lumbar stenosis; and no extremity edema.  While the ALJ may not discount allegations of disabling pain solely based on lack of objective medical evidence, a lack of objective medical evidence is a factor the ALJ may consider in determining a claimant's credibility.  *Forte v. Barnhard*, 377 F.3d 892, 895 (8th Cir. 2004).

With respect to Plaintiff's spasmatic dysphoria, Plaintiff was given botox injection, which Dr. Chapman noted provided minimal improvement.  The ALJ considered this limitation and specifically noted that Plaintiff should be limited to positions which require little speaking.  Likewise, Plaintiff's depression because of her dysphoria was not supported by any positive findings on Plaintiff's mental status examinations.

Plaintiff's headaches responded to trigger point injections and reduced her cervical pain.  *Brown v. As true*, 611 F.3d 941, 955 (8th Cir. 2010)

The  record establishes that Plaintiff can dress and undress herself without

difficulty. Plaintiff walked without assistive devices. Plaintiff's range of motion has not, throughout any of the medical records been significantly limited.

Much of Dr. Chapman's opinion regarding Plaintiff's limitations was inconsistent with his medical records during that time period. *See Clevenger v. Soc. Sec. Admin.,* 567 F.3d 971, 975 (8th Cir.2009) (discrediting a physician's opinion where it was inconsistent with earlier records of treating physicians). Overall, the ALJ properly discredited Dr. Chapman's opinion because the  medical evidence of record did not support a total disability finding. After careful review, this Court  finds the ALJ's decision to discount Dr. Chapman's conclusions was appropriate.  Dr. Chapman's opinion regarding Plaintiff's inability to work is conclusory, and he fails to explain why he reached this conclusion.  See *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir.2008) ("[A] treating physician's opinion does not deserve controlling weight when it is nothing more than a conclusory statement.").  *McDade v. Astrue*, 2013 WL 3868115, 1-4 (8th Cir. July 29, 2013).

  Accordingly, the ALJ properly accorded the opinion little weight.

After assessing the medical evidence of record, the ALJ concluded that Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit for about 6 hours; stand and walk for at least two hours both during an 8 hour workday.  She could occasionally climb ramps or stairs; occasionally

balance, stoop, kneel, crouch, and crawl; could never climb ladders ropes or scaffolds, and should avoid concentrated exposure to hazards, and perform work where speaking is not an essential job function.  These limitations took into consideration all of Plaintiff's impairments.  The Court finds this determination supported by substantial evidence of record.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding her symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

When analyzing a claimant's subjective complaints of pain, the ALJ must

- 11 -

consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

<u>Conclusion</u>

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 5th day of September, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**